UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 24-9542-GW-AGRx | Date | February 13, 2025 |
|---|---|---|---|
| Title | *Roe DC 57 v. DOE 1, a corporation, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE |
|---|---|

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:** IN CHAMBERS - FINAL RULING ON PLAINTIFF'S MOTION TO REMAND CASE TO CALIFORNIA STATE COURT [11]

Attached hereto is the Court's Final Ruling on Plaintiff's Motion [11]. The Court GRANTS the Motion. The Clerk of the Court will REMAND this action to the Superior Court of California for the County of Ventura.

:

Initials of Preparer    JG

***John Roe DC 57 v. Doe 1, Inc. et al.***; Case No. 2:24-cv-09542-GW-(AGRx)
Final Ruling on Motion to Remand

Before the Court is Plaintiff's Motion to Remand this case to the Superior Court of California for the County of Ventura (the "Motion"). *See* Motion, Docket No. 11-1. The Court has considered the Motion, Defendants' Opposition ("Opp.," Docket No. 28), Plaintiff's Reply ("Reply," Docket No. 30), Defendants' Notice of Removal ("NOR," Docket No. 1), and the oral argument presented at the February 10, 2025 hearing. For the reasons explained below, the Court **GRANTS** the Motion.

I. **Background**

Plaintiff John Roe DC 57 ("Plaintiff") initiated this action in the Superior Court of California for the County of Ventura on August 23, 2024. *See* Complaint, Docket No. 1-1. Defendants are identified in the Complaint as Doe 1, a corporation, Doe 2, a corporation, Doe 3, an entity of unknown form, and Does 4 to 100. *See generally id*. As will become clear, the parties dispute whether Doe 3 is a legal entity. The parties do not dispute, however, the identities of Does 1, 2, and 3 (collectively, "Defendants").

Doe 1 is the Church of Jesus Christ of Latter-Day Saints (the "LDS Church"), a "corporation sole"[1] that is both incorporated in and maintains a principal place of business in Utah.[2] *See* Complaint ¶ 5; Transcript of January 6, 2025 Status Conference ("Transcript"), Docket No. 26, at 4:1-10. Doe 2 is the Temple Corporation, a corporation affiliated with the LDS Church that is both incorporated in and maintains a principal place of business in Utah. *See* Complaint ¶ 6; Transcript at 4:11-15. Doe 3 is the California East Stake[3] of the LDS Church which is alleged to

---

[1] As noted in *Gardner v. Comm'r of I.R.S.*, 845 F.3d 971, 973 n.1 (9th Cir. 2017):

> The IRS's tax guide for Churches and Religious Organizations notes that "religious organizations may be legally organized in a variety of ways under state law, such as unincorporated associations, non-profit corporations, corporations sole, and charitable trusts." The IRS has defined a "corporation sole" as "a corporate form authorized under certain state laws to enable bona fide religious leaders to hold property and conduct business for the benefit of the religious entity." Rev. Ru. 2004-27, 2004-1 C.B. 625, 626, 2004 WL 389673, at *1.

[2] The parties have agreed that Defendants' identities may be stated on the record. *See* Transcript at 3:19-23.

[3] Defendants submit a declaration that describes the organizational structure of the LDS Church. *See* Declaration of Branden Wilson ("Wilson Decl."), Docket No. 28-1. Wilson attests that in the LDS Church, the congregations at which members worship are called "wards," which can have 200-500 members. "Branches" are even smaller congregations. As relevant here, a "stake" is a group of wards and branches, typically consisting of 5 to 10 wards and branches. Wilson Decl. ¶¶ 6-7.

1

maintain a principal place of business is in Ventura, California.  Complaint ¶ 7; Transcript 5:8-10.

In his Complaint, Plaintiff alleges that from approximately 1971 to 1974, while a minor, he was sexually abused by three LDS Church authorities.  *See generally* Complaint.  Plaintiff asserts six California state law causes of action against Defendants stemming from this alleged sexual abuse.  *See* Complaint ¶ 2.  Plaintiff asserts his causes of action under California Code of Civil Procedure Section 340.1 (hereinafter, "Section 340.1"), a California statute that provides no statute of limitations for claims of childhood sexual abuse, subject to many procedural requirements.  *See* Cal. Civ. Proc. Code § 340.1.

The Defendants were not served with the Complaint before removing the case to federal court.  NOR ¶ 33.  Indeed, the Defendants were never actually named in the lawsuit, as is demonstrated by the fact that each defendant is still identified as a Doe defendant in the operative Complaint.  As of today, there is no indication in the record that the Complaint has been served on Defendants or that Defendants have waived service.  *See generally* Docket.  Nonetheless, on October 31, 2024, Defendants filed an answer in state court and then removed the action to federal court on November 4, 2024, invoking federal diversity jurisdiction as the basis for removal.  *See generally* NOR; Opp.  Defendants contend that Doe 3 has no legal existence or citizenship apart from the LDS Church and therefore Plaintiff cannot defeat diversity jurisdiction by purporting to name an entity that cannot be sued.  *See* NOR ¶ 23.  Defendants also contend that Does 4 through 100 are irrelevant for removal purposes because they are fictitious defendants.  NOR ¶ 24.

**II.**     **Legal Standard**

Federal courts are courts of limited jurisdiction and have subject matter jurisdiction to adjudicate only those cases authorized by the United States Constitution and Congress.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A federal court must therefore begin each case with the presumption that it lacks jurisdiction over the action.  *Id.*  Indeed, federal courts are obligated to consider subject matter jurisdiction in every case, even if no party challenges it.  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

A defendant may invoke federal removal jurisdiction if the case filed in state court could have originally been filed in federal court.  28 U.S.C. § 1441.  "The removal statute is strictly construed against removal jurisdiction" however, and the removing defendant "bears the burden of establishing that removal is proper."  *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 183, 1087 (9th Cir. 2009); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)

2

("Federal jurisdiction must be rejected if there is any doubt as to the right of removal."). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). As relevant here, subject-matter jurisdiction exists over claims that: (1) are between citizens of different states, and (2) have an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a).

### III.   Discussion

The Court finds that, at this point, it is unnecessary to reach Defendants' argument with respect to Doe 3's capacity to sue or be sued, because at this time all of the Doe Defendants lack citizenship for purposes of removal jurisdiction.[4] The removal statute provides: "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). In their NOR, Defendants summarily assert without citation to authority that Does 1 through 3 are *not* fictitious defendants but that Does 4 through 100 *are*. NOR ¶¶ 13, 15, 24.

At the hearing, Defendants argued that the citizenship of Does 1 through 3 should be examined because Plaintiff gave sufficient clues in his Complaint to their identity. The Court acknowledges that some courts within this District have looked to "clues" in a complaint and considered the citizenship of Doe defendants, one just last week in a substantially similar case against the LDS Church with only Doe defendants. *See Jane Roe MB 69 v. Doe 1 et al.*, No. 8:24-cv-02395-JVS-(DFMx), 2025 WL 415344, at *2-3 (C.D. Cal. Feb. 6, 2025). But numerous other district courts in this Circuit have held, when faced with this exact situation involving the LDS

---

[4] In its initial tentative ruling, the Court applied the fraudulent joinder standard and tentatively decided that remand was necessary because, under the applicable standard, Plaintiff had pled a possible claim against Defendant Doe 3 on the theory that the local Stake is an unincorporated association under California law. At the hearing, Defendants argued that they had not opposed Plaintiff's motion to remand on the basis that Doe 3 (*i.e.* the California East Stake of the LDS Church) was fraudulently joined, but simply that Doe 3 was not a cognizable entity for jurisdictional purposes as it was merely "an unincorporated, ecclesiastical division of the [LDS Church]." Really, Defendants argued that Doe 3 was fraudulently joined without explicitly saying so.

In any event The Court would observe without necessarily deciding that it was generally persuaded by Defendants' argument at the hearing as to the lack of independence of Doe 3 and appreciates that the weight of authority in the consortium of similar cases brought against the LDS Church seems to be coalescing around a finding that unincorporated Stakes are not independent entities. *See, e.g., Roe JW 142 v. Church of Jesus Christ of Latter-Day Saints*, No. 24-cv2150-KK-(SPx), 2024 WL 5182415, at *2 (C.D. Cal. Dec. 20, 2024); *Roe LM 89 v. Doe 1*, No. 24-cv-9350-JFW-(BFMx), 2025 WL 212143, at *3 (C.D. Cal. Jan. 16, 2025); *Roe AJ 1 v. Church of Jesus Christ of Latter-Day Saints*, No. 2:24-cv-02990-DC-CSK, 2025 WL 268882, at *3 (E.D. Cal. Jan. 22, 2025). Worth noting still is that at least one district court has squarely rejected Defendants' argument that a Stake is merely a subdivision of the LDS Church corporation and therefore not a legal entity that can be sued. *See Roe v. Doe 1*, No. 24-cv-07661-AMO, 2024 WL 5264039, at *1 (N.D. Cal. Dec. 31, 2024). In the end, resolution of this issue is ultimately premature for the jurisdictional reasons explained herein, so the Court has no occasion to issue a final ruling in this regard.

3

Church, that the removal statute *obligates* the Court to disregard the citizenship of Doe defendants, regardless of whether state law requires Plaintiff to initially designate the Defendants as Does. *See, e.g.*, *Geppert v. Doe 1*, No. 23-cv-03257-SVK, 2023 WL 5804156, at *3 (N.D. Cal. Sept. 7, 2023); *Roe v. Doe 1*, No. 24-cv-07661-AMO, 2024 WL 5264039, at *1 (N.D. Cal. Dec. 31, 2024); *Jane Roe SR 3, v. The Church of Jesus Christ of Latter-Day Saints, et al.*, No. 24-cv-07119-EJD, 2025 WL 339162, at *2 (N.D. Cal. Jan. 30, 2025). And the Ninth Circuit has stated before that "[t]he citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant *only if and when* the plaintiff seeks leave to substitute a named defendant." *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) (emphasis added).

To be sure, Plaintiff clearly identified in his Complaint the physical addresses for Defendants. And the parties in fact agree upon the actual identities of Defendants. Nonetheless, the operative Complaint now before the Court names only Does, and Defendants have cited no legal authority "supporting the proposition that the California Code of Civil Procedure overrides fundamental principles of diversity jurisdiction and removal as codified in the removal statute." *Geppert*, 2023 WL 5804156, at *3. But this is not a circumstance where there is one or several actually named defendants and extraneous Does. This is a situation where the Plaintiff is a citizen of California and *all* the defendants are listed as "Does." The extra wrinkle is that Defendants' Doe designations are mandated by a substantive state law that appears designed in part to offer initial protection to defendants sued under Section 340.1 until a judge has made an initial determination as to the case's merit. *See* Cal. Civ. Proc. Code § 340.1(k) ("a defendant shall be named by 'Doe' designation in any pleadings or papers filed in the action until there has been a showing of corroborative fact as to the charging allegations against that defendant."); *id*. § 340.1(m) ("The court shall review the application and the certificate of corroborative fact in camera and . . . if one or more facts corroborative of one or more of the charging allegations against a defendant has been shown, order that the complaint may be amended to substitute the name of the defendant or defendants.").

In essence, Defendants ask the Court to apply the plain text of Section 1441(b)(1)'s command that fictious defendants "shall" be disregarded to Does 4 through 100 but ignore it for Does 1 through 3 – and then, after unveiling only Does 1 through 3, to rule Doe 3 is not a legal entity at all. But as another district court has noted, "[t]here is no need to embroil the parties and the courts in collateral disputes over how definite the clues are about a Doe defendant's identity,

4

when Congress has already dictated a bright-line rule in the removal statute." *John Roe MG 60 v. Doe 1 et al.*, No. 3:24-cv-07666-RFL, Docket No. 31 at 4 (N.D. Cal. Feb. 11, 2025). In the end, the Court must strictly construe the removal statute which plainly states that fictitiously named defendants "shall be disregarded," 28 U.S.C. § 1441(b)(1), and Defendants ultimately bear the burden of establishing that removal is proper, *Provincial Gov't of Marinduque*, 582 F.3d at 1087. These commands require the Court to remand the case until such time as there is at least one named defendant upon which Defendants could properly invoke federal diversity jurisdiction under the removal statute.

The Court will take a moment to address the reality of this ruling. The Court appreciates that this case is likely to be removed again once Plaintiff amends the Complaint in state court. This trip to and from federal court will not prejudice the parties, however, as the litigation will continue in the state court (where Plaintiff chose to file it) just as it would here. Indeed, Plaintiff indicated at the hearing that the preliminary procedural requirements required under Section 340.1 have not yet been completed. Leaving those unique state procedures to the state court (which could even result in a determination that there is no merit to sue Doe 3 or any of the Defendants at all), though not dispositive of the jurisdictional question before this Court, certainly lends credence to remand.

For these reasons, the Court **GRANTS** the Motion.[5]

## IV. Conclusion

Based on the foregoing discussion, the Court **GRANTS** the Motion. The Clerk of the Court will **REMAND** this action to the Superior Court of California for the County of Ventura.

---

[5] The Court previously requested that the parties elucidate certain aspects of the procedural posture of this case. Based on the argument presented at the hearing, the Court is satisfied that there is no basis to award costs for this remand. Defendants have made reasonable, perhaps even winning, substantive arguments (although less compelling procedural ones and, if anything, Plaintiff appears to have been dilatory in not moving in state court for a determination of merit under Section 340.1.